IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patricia Sue Hauck, ) | Civil Action No. 0:12-980-MGL |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

In this action, Plaintiff Patricia Sue Hauck ("Plaintiff"), proceeding *pro se*, seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). Plaintiff filed her complaint pursuant to 42 U.S.C. § 405(g) asserting that the Commissioner's decision was not supported by substantial evidence. (ECF No. 1 at 4.)

The matter is currently before the Court for review of the Report and Recommendation ("Report") of Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), D.S.C. and filed on November 19, 2012. (ECF No. 32.) In the Report, Magistrate Judge Gossett recommended that the within complaint be dismissed pursuant to Rule 41(b) for failure to prosecute. The Report sets forth the relevant standards of law and facts related to this case. Specifically, Plaintiff's brief was due on or about October 29, 2012, and despite the Court issuing an order giving Plaintiff additional time to file her brief, no brief was filed. Plaintiff was specifically warned that if she failed to file a brief, this action could be dismissed with prejudice for failure to prosecute. Plaintiff has not filed objections to the Report.

**STANDARD**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## DISCUSSION

The Report recommends that this action be dismissed with prejudice for lack of prosecution. No objections have been filed to the Magistrate Judge's Report. Absent objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Furthermore, failure to timely file specific written objections to the Report results in a party's waiver of his right to appeal the judgment of the district court based on such a recommendation. 28 U.S.C. § 636(b)(1); *United States v. Schronce*, 727 F.2d 91 (4th Cir.1984), *cert. denied*, 467 U.S. 1208 (1984).

## CONCLUSION

The Court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. Thus, the Court adopts the Report and Recommendation and incorporates it herein by reference. The within action is dismissed with prejudice pursuant to Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

                                               /s/Mary G. Lewis
                                               United States District Judge

Spartanburg, South Carolina
December 11, 2012.